**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-6890

JAMES P. MOODY, JR.,

Plaintiff – Appellant,

v.

WILLIE EAGLETON, Warden; MICHAEL BEINOR, Doctor; KIMBERLY C.
GASTIN, LPN; AMY SMITH; ADRIENN L. FULLER, in their
individual capacities and in their official capacities,

Defendants – Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Cameron McGowan Currie, District
Judge.  (9:09-cv-01480-CMC)

Submitted:  August 19, 2010          Decided:  August 30, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James P. Moody, Jr., Appellant Pro Se.  Bradford Cary Andrews;
Samuel F. Arthur, III, AIKEN, BRIDGES, NUNN, ELLIOTT & TYLER,
PA, Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James P. Moody, Jr., seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing Moody's 42 U.S.C. § 1983 (2006) civil rights action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 13, 2010. The notice of appeal was filed on May 25, 2010.[*] Because Moody failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

in the materials before the court and argument would not aid the decisional process.

DISMISSED
